## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
)
KONINKLIJKE PHILIPS ELECTRONICS     )
N.V. and PHILIPS ELECTRONICS NORTH  )
AMERICA CORPORATION,                )
                                )
               Plaintiffs,    )     Civil Action No. 10-cv-11041-NMG
                                )
      v.                  )     **DEMAND FOR JURY TRIAL**
                                )
ZOLL MEDICAL CORPORATION,      )
                                )
               Defendant.    )
_____)

## AMENDED COMPLAINT

Plaintiffs Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation (collectively "Philips") bring this complaint for patent infringement against Defendant Zoll Medical Corporation ("Zoll").

## NATURE OF ACTION

1.     This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by Philips against Zoll for infringement of United States Patent Nos. 5,607,454; 5,721,482; 5,735,879; 5,749,905; 5,773,961; 5,800,460; 5,803,927; 5,836,978; 5,879,374; 6,047,212; 6,178,357; 6,304,783; 6,356,785; 6,441,582; and 6,871,093 (the "Patents-in-Suit").

## PARTIES

2.     Plaintiff Koninklijke Philips Electronics N.V. is a corporation organized under the laws of the Netherlands with a principal place of business in Eindhoven, the Netherlands.

3.      Plaintiff Philips Electronics North America Corporation is a corporation organized and existing under the laws of Delaware, with a place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.  Philips Electronics North America Corporation is a wholly-owned subsidiary of Philips Holding USA, Inc., which, directly and indirectly, is a wholly-owned subsidiary of Plaintiff Koninklijke Philips Electronics N.V.  Philips Electronics North America Corporation is the assignee and owner of the Patents-in-Suit.

4.      Upon information and belief, Defendant Zoll is a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 269 Mill Road, Chelmsford, Massachusetts 01824.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

7.      Upon information and belief, Zoll maintains its principal place of business within Massachusetts and has voluntarily placed automatic external defibrillator products into the stream of commerce, knowing that Massachusetts is the likely destination of a substantial quantity of such products.

8.      Upon information and belief, a substantial part of the events giving rise to these claims for patent infringement occurred in Massachusetts and in this judicial district.

9.      Upon information and belief, Zoll is subject to personal jurisdiction in this district because it is a corporation organized under the laws of the Commonwealth of Massachusetts.

10.     Upon information and belief, Zoll is subject to personal jurisdiction in this district because it maintains or has maintained continuous and systematic contacts with Massachusetts and this judicial district.

11.     Upon information and belief, Zoll is subject to personal jurisdiction in this district because it purposefully engaged in activities that gave rise to Philips' claims for patent infringement and which were directed to residents of Massachusetts and this judicial district.

12.     Upon information and belief, Zoll resides in this district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b) because it is subject to personal jurisdiction in this district.

13.     Upon information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b), as Zoll is subject to personal jurisdiction in this district.

## COUNT 1:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,607,454

14.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

15.     On March 4, 1997, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,607,454 ("the '454 patent"), entitled "Electrotherapy Method and Apparatus," to the listed inventor David Cameron of Seattle, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '454 patent, a copy of which is attached as Exhibit A, until August 18, 2010, when it assigned the '454 patent to Plaintiff Philips Electronics North America Corporation.

16.     Upon information and belief, Philips and its predecessors, including Heartstream, Inc., Hewlett-Packard Company, and Agilent Technologies, Inc., have continuously marked their products with the '454 patent number.

17.     Upon information and belief, Zoll has infringed and continues to infringe the '454 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '454 patent.

18.     Zoll does not have a license or permission to use the '454 patent.

19.     As a result of Zoll's infringement of the '454 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

20.     As a result of Zoll's infringement of the '454 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

21.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '454 patent and its infringing conduct.

22.     Despite knowledge of the '454 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '454 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**COUNT 2:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,721,482**

23.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

24.     On February 24, 1998, the USPTO duly and legally issued United States Patent No. 5,721,482 ("the '482 patent"), entitled "Intelligent Battery and Method for Providing an Advance Low Battery Warning for a Battery Powered Device such as a Defibrillator," to the

4

listed inventor Carl E. Benvegar of McMinnville, Oregon, and other co-inventors in Oregon and Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '482 patent, a copy of which is attached as Exhibit B, until August 18, 2010, when it assigned the '482 patent to Plaintiff Philips Electronics North America Corporation.

25.     Upon information and belief, Zoll has infringed and continues to infringe the '482 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States infringing products, including the Zoll Smart Battery and automated external defibrillators, including the AED Pro automated external defibrillator, and by contributing to and/or inducing infringement of the '482 patent.

26.     Zoll does not have a license or permission to use the '482 patent.

27.     As a result of Zoll's infringement of the '482 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

28.     As a result of Zoll's infringement of the '482 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

29.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '482 patent and its infringing conduct.

30.     Despite knowledge of the '482 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '482 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 3:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,735,879

31.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

32.     On April 7, 1998, the USPTO duly and legally issued United States Patent No. 5,735,879 ("the '879 patent"), entitled "Electrotherapy Method for External Defibrillators," to the listed inventor Bradford E. Gliner of Bellevue, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '879 patent, a copy of which is attached as Exhibit C, until August 18, 2010, when it assigned the '879 patent to Plaintiff Philips Electronics North America Corporation.

33.     Upon information and belief, Philips and its predecessors, including Heartstream, Inc., Hewlett-Packard Company, and Agilent Technologies, Inc., have continuously marked their products with the '879 patent number.

34.     Upon information and belief, Zoll has infringed and continues to infringe the '879 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '879 patent.

35.     Zoll does not have a license or permission to use the '879 patent.

36.     As a result of Zoll's infringement of the '879 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

37.     As a result of Zoll's infringement of the '879 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty

and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

38.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '879 patent and its infringing conduct.

39.     Despite knowledge of the '879 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '879 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

### COUNT 4:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,749,905

40.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

41.     On May 12, 1998, the USPTO duly and legally issued United States Patent No. 5,749,905 ("the '905 patent"), entitled "Electrotherapy Method Utilizing Patient Dependent Electrical Parameters," to the listed inventor Bradford E. Gliner of Bellevue, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '905 patent, a copy of which is attached as Exhibit D, until August 18, 2010, when it assigned the '905 patent to Plaintiff Philips Electronics North America Corporation.

42.     Upon information and belief, Philips and its predecessors, including Heartstream, Inc., Hewlett-Packard Company, and Agilent Technologies, Inc., have continuously marked their products with the '905 patent number.

43.     Upon information and belief, Zoll has infringed and continues to infringe the '905 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus

and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '905 patent.

44.     Zoll does not have a license or permission to use the '905 patent.

45.     As a result of Zoll's infringement of the '905 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

46.     As a result of Zoll's infringement of the '905 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

47.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '905 patent and its infringing conduct.

48.     Despite knowledge of the '905 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '905 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 5:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,773,961

49.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

50.     On June 30, 1998, the USPTO duly and legally issued United States Patent No. 5,773,961 ("the '961 patent"), entitled "Dynamic Load Controller for a Battery," to the listed inventor David B. Cameron of Seattle, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '961 patent, a copy of which is attached as Exhibit E, until August

18, 2010, when it assigned the '961 patent to Plaintiff Philips Electronics North America Corporation.

51.     Upon information and belief, Philips and its predecessors, including Heartstream, Inc., Hewlett-Packard Company, and Agilent Technologies, Inc., have continuously marked their products with the '961 patent number.

52.     Upon information and belief, Zoll has infringed and continues to infringe the '961 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States infringing products, including the Zoll Smart Battery and automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '961 patent.

53.     Zoll does not have a license or permission to use the '961 patent.

54.     As a result of Zoll's infringement of the '961 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

55.     As a result of Zoll's infringement of the '961 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

56.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '961 patent and its infringing conduct.

57.     Despite knowledge of the '961 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '961 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 6:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,800,460

58.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

59.     On September 1, 1998, the USPTO duly and legally issued United States Patent No. 5,800,460 ("the '460 patent"), entitled "Method for Performing Self-Test in a Defibrillator," to the listed inventor Daniel J. Powers of Bainbridge Island, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '460 patent, a copy of which is attached as Exhibit F, until August 18, 2010, when it assigned the '460 patent to Plaintiff Philips Electronics North America Corporation.

60.     Upon information and belief, Philips and its predecessors, including Heartstream, Inc., Hewlett-Packard Company, and Agilent Technologies, Inc., have continuously marked their products with the '460 patent number.

61.     Upon information and belief, Zoll has infringed and continues to infringe the '460 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '460 patent.

62.     Zoll does not have a license or permission to use the '460 patent.

63.     As a result of Zoll's infringement of the '460 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

64.     As a result of Zoll's infringement of the '460 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty

and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

65.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '460 patent and its infringing conduct.

66.     Despite knowledge of the '460 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '460 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**COUNT 7:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,803,927**

67.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

68.     On September 8, 1998, the USPTO duly and legally issued United States Patent No. 5,803,927 ("the '927 patent"), entitled "Electrotherapy Method and Apparatus for External Defibrillation," to the listed inventor David Cameron of Seattle, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '927 patent, a copy of which is attached as Exhibit G, until August 18, 2010, when it assigned the '927 patent to Plaintiff Philips Electronics North America Corporation.

69.     Upon information and belief, Philips and its predecessors, including Heartstream, Inc., Hewlett-Packard Company, and Agilent Technologies, Inc., have continuously marked their products with the '927 patent number.

70.     Upon information and belief, Zoll has infringed and continues to infringe the '927 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus

and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '927 patent.

71.     Zoll does not have a license or permission to use the '927 patent.

72.     As a result of Zoll's infringement of the '927 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

73.     As a result of Zoll's infringement of the '927 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

74.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '927 patent and its infringing conduct.

75.     Despite knowledge of the '927 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '927 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 8:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,836,978

76.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

77.     On November 17, 1998, the USPTO duly and legally issued United States Patent No. 5,836,978 ("the '978 patent"), entitled "Electrotherapy Method for Producing a Multiphasic Discharge Based upon a Patient-Dependant Electrical Parameter and Time," to the listed inventor Bradford E. Gliner of Bellevue, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '978 patent, a copy of which is attached as Exhibit H, until August

18, 2010, when it assigned the '978 patent to Plaintiff Philips Electronics North America Corporation.

78.     Upon information and belief, Zoll has infringed and continues to infringe the '978 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '978 patent.

79.     Zoll does not have a license or permission to use the '978 patent.

80.     As a result of Zoll's infringement of the '978 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

81.     As a result of Zoll's infringement of the '978 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

82.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '978 patent and its infringing conduct.

83.     Despite knowledge of the '978 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '978 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

### COUNT 9:  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,879,374

84.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

85.     On March 9, 1999, the USPTO duly and legally issued United States Patent No. 5,879,374 ("the '374 patent"), entitled "External Defibrillator with Automatic Self-Testing Prior to Use," to the listed inventor Daniel J. Powers of Bainbridge, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. is the assignee and owner of the '374 patent, a copy of which is attached as Exhibit I, until August 18, 2010, when it assigned the '374 patent to Plaintiff Philips Electronics North America Corporation.

86.     Upon information and belief, Philips and its predecessors, including Heartstream, Inc., Hewlett-Packard Company, and Agilent Technologies, Inc., have continuously marked their products with the '374 patent number.

87.     Upon information and belief, Zoll has infringed and continues to infringe the '374 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '374 patent.

88.     Zoll does not have a license or permission to use the '374 patent.

89.     As a result of Zoll's infringement of the '374 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

90.     As a result of Zoll's infringement of the '374 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

91.     In a letter dated November 17, 2008, Philips provided notice to Zoll of the '374 patent and its infringing conduct.

92.     Despite knowledge of the '374 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '374 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**COUNT 10:  PATENT INFRINGEMENT OF U.S. PATENT NO. 6,047,212**

93.     Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

94.     On April 4, 2000, the USPTO duly and legally issued United States Patent No. 6,047,212 ("the '212 patent"), entitled "External Defibrillator Capable of Delivering Patient Impedance Compensated Biphasic Waveforms," to the listed inventor Bradford E. Gliner of Bellevue, Washington, and other co-inventors in Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '212 patent, a copy of which is attached as Exhibit J, until August 18, 2010, when it assigned the '212 patent to Plaintiff Philips Electronics North America Corporation.

95.     Upon information and belief, Philips has continuously marked its products with the '212 patent number.

96.     Upon information and belief, Zoll has infringed and continues to infringe the '212 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '212 patent.

97.     Zoll does not have a license or permission to use the '212 patent.

98.     As a result of Zoll's infringement of the '212 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

99.     As a result of Zoll's infringement of the '212 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

100.    In a letter dated November 17, 2008, Philips provided notice to Zoll of the '212 patent and its infringing conduct.

101.    Despite knowledge of the '212 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '212 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 11:  PATENT INFRINGEMENT OF U.S. PATENT NO. 6,178,357

102.    Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

103.    On January 23, 2001, the USPTO duly and legally issued United States Patent No. 6,178,357 B1 ("the '357 patent"), entitled "Electrode Pad System and Defibrillator Electrode Pad That Reduces the Risk of Peripheral Shock," to the listed inventor Bradford E. Gliner of Bellevue, Washington, and other co-inventors in Washington and other locations.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. was the assignee and owner of the '357 patent, a copy of which is attached as Exhibit K, until August 18, 2010, when it assigned the '357 patent to Plaintiff Philips Electronics North America Corporation.

104.    Upon information and belief, Zoll has infringed and continues to infringe the '357 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States infringing products including Zoll's CPR-D Padz and automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '357 patent.

105.    Zoll does not have a license or permission to use the '357 patent.

106.    As a result of Zoll's infringement of the '357 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

107.    As a result of Zoll's infringement of the '357 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

108.    In a letter dated November 17, 2008, Philips provided notice to Zoll of the '357 patent and its infringing conduct.

109.    Despite knowledge of the '357 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '357 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 12:  PATENT INFRINGEMENT OF U.S. PATENT NO. 6,304,783

110.    Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

111.    On October 16, 2001, the USPTO duly and legally issued United States Patent No. 6,304,783 B1 ("the '783 patent"), entitled "Defibrillator System Including a Removable Monitoring Electrodes Adapter and Method of Detecting the Monitoring Adapter," to the listed

17

inventor Thomas D. Lyster of Bothell, Washington, and other co-inventors in Washington.  By

assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. is the

assignee and owner of the '783 patent, a copy of which is attached as Exhibit L, until August 18,

2010, when it assigned the '783 patent to Plaintiff Philips Electronics North America

Corporation.

112.    Upon information and belief, Zoll has infringed and continues to infringe the '783

patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling,

and/or importing in the United States automated external defibrillators, including the AED Pro

automated external defibrillators, and by contributing to and/or inducing infringement of the

'783 patent.

113.    Zoll does not have a license or permission to use the '783 patent.

114.    As a result of Zoll's infringement of the '783 patent, Philips has been irreparably

injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer

additional irreparable injury.

115.    As a result of Zoll's infringement of the '783 patent, Philips has suffered, and

continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty

and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made

but for Zoll's infringing acts.

116.    In a letter dated November 17, 2008, Philips provided notice to Zoll of the '783

patent and its infringing conduct.

117.    Despite knowledge of the '783 patent, Zoll has continued to infringe this patent.

Zoll acted with reckless disregard of the '783 patent by continuing to infringe the patent when it

knew or should have known that its actions constituted infringement.

## COUNT 13: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,356,785

118.    Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

119.    On March 12, 2002, the USPTO duly and legally issued United States Patent No. 6,356,785 B1 ("the '785 patent"), entitled "External Defibrillator with CPR Prompts and ACLS Prompts and Methods of Use," to the listed inventor Cecily Anne Snyder of San Francisco, California, and other co-inventors in other locations.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. is the assignee and owner of the '785 patent, a copy of which is attached as Exhibit M, until August 18, 2010, when it assigned the '785 patent to Plaintiff Philips Electronics North America Corporation.

120.    Upon information and belief, Philips has continuously marked its products with the '785 patent number.

121.    Upon information and belief, Zoll has infringed and continues to infringe the '785 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States infringing products including Zoll's CPR-D Padz and automated external defibrillators, including the AED Plus and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '785 patent.

122.    Zoll does not have a license or permission to use the '785 patent.

123.    As a result of Zoll's infringement of the '785 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

124.    As a result of Zoll's infringement of the '785 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

125.    In a letter dated November 17, 2008, Philips provided notice to Zoll of the '785 patent and its infringing conduct.

126.    Despite knowledge of the '785 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '785 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 14:  PATENT INFRINGEMENT OF U.S. PATENT NO. 6,441,582

127.    Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

128.    On August 27, 2002, the USPTO duly and legally issued United States Patent No. 6,441,582 B1 ("the '582 patent"), entitled "Battery Arrangement for Improved Defibrillator Safety," to the listed inventor Daniel J. Powers of Issaquah, Washington.  By assignment from the previous patent owner, Plaintiff Koninklijke Philips Electronics N.V. is the assignee and owner of the '582 patent, a copy of which is attached as Exhibit N, until August 18, 2010, when it assigned the '582 patent to Plaintiff Philips Electronics North America Corporation.

129.    Upon information and belief, Philips has continuously marked its products with the '582 patent number.

130.    Upon information and belief, Zoll has infringed and continues to infringe the '582 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus automated external defibrillators, and by contributing to and/or inducing infringement of the '582 patent.

131.    Zoll does not have a license or permission to use the '582 patent.

132.    As a result of Zoll's infringement of the '582 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

133.    As a result of Zoll's infringement of the '582 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

134.    In a letter dated November 17, 2008, Philips provided notice to Zoll of the '582 patent and its infringing conduct.

135.    Despite knowledge of the '582 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '582 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## COUNT 15:  PATENT INFRINGEMENT OF U.S. PATENT NO. 6,871,093

136.    Philips incorporates by reference paragraphs 1-13 as if fully set forth herein.

137.    On March 22, 2005, the USPTO duly and legally issued United States Patent No. 6,871,093 B2 ("the '093 patent"), entitled "Reporting the Status for an External Defibrillator with an Audible Report in Response to a Specified User Input," to the listed inventor Kim J. Hansen of Renton, Washington.  By assignment from the previous patent owner, Plaintiff Philips Electronics North America Corporation is the assignee and owner of the '093 patent, a copy of which is attached as Exhibit O.

138.    Upon information and belief, Zoll has infringed and continues to infringe the '093 patent under 35 U.S.C. § 271(a), (b), and/or (c), by making, using, offering for sale, selling, and/or importing in the United States automated external defibrillators, including the AED Plus

and AED Pro automated external defibrillators, and by contributing to and/or inducing infringement of the '093 patent.

139.    Zoll does not have a license or permission to use the '093 patent.

140.    As a result of Zoll's infringement of the '093 patent, Philips has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Philips will continue to suffer additional irreparable injury.

141.    As a result of Zoll's infringement of the '093 patent, Philips has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Philips would have made but for Zoll's infringing acts.

142.    In a letter dated November 17, 2008, Philips provided notice to Zoll of the '093 patent and its infringing conduct.

143.    Despite knowledge of the '093 patent, Zoll has continued to infringe this patent. Zoll acted with reckless disregard of the '093 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## PRAYER FOR RELIEF

WHEREFORE, Philips respectfully requests the following relief:

(a) a declaration that Zoll infringes Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c) and a final judgment incorporating the same;

(b) equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins Zoll and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing, contributing to, and/or inducing infringement of Patents-in-Suit;

(c) an award of damages sufficient to compensate Philips for infringement of Patents-in-Suit by Zoll, together with prejudgment and post-judgment interest under 35 U.S.C. § 284;

(d) entry of an order compelling Zoll to compensate Philips for any ongoing and/or future infringement of the Patents-in-Suit, in an amount and under terms appropriate under the circumstances;

(e) a declaration or order finding that Zoll's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

(f) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Philips its reasonable attorney fees, costs, and expenses; and

(g) such other relief deemed just and proper.

## **JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Philips hereby demands trial by jury of all issues so triable by a jury in this action.

Dated:  October 13, 2010                    Respectfully submitted,


/s/ Denise W. DeFranco
Denise W. DeFranco (BBO No. 558859)
Rachel L. Emsley (BBO No. 675629)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts  02142-1215
Telephone:  (617) 452-1600
Facsimile:  (617) 452-1666

J. Michael Jakes
Kathleen A. Daley
James F. Sherwood
Susan Y. Tull
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

*Attorneys for Plaintiffs*
KONINKLIJKE PHILIPS ELECTRONICS N.V.
and PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION