UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
KONINKLIJKE PHILIPS            )
ELECTRONICS N.V., et al.,      )
                               )
    Plaintiffs/Counterclaim-Defendants,  )
                               )
v.                             )   Civil No. 10-11041-NMG
                               )
ZOLL MEDICAL CORPORATION,      )
                               )
    Defendant/Counterclaim-Plaintiff.  )
_____)

ORDER ON MOTION TO COMPEL

March 4, 2013

SOROKIN, C.M.J.

    This is a complex patent dispute in which each party alleges that the other has infringed multiple patents. Each party defends against its opponent's claims by denying infringement and asserting the relevant patents are invalid. Fact discovery is nearing completion, and deadlines for the exchange of expert reports are approaching. The plaintiffs, Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation (collectively, "Philips"), have moved for an order compelling the defendant, ZOLL Medical Corporation ("ZOLL"), to provide certain documents and information related to U.S. Patent No. 5,330,526 ("the '526 patent") and responsive to previously served discovery requests. Doc. Nos. 137, 138. On February 20, 2013, the motion was referred to the undersigned for resolution. Doc. No. 140. At Philips's request, and in light of the impending expert report deadlines, the Court ordered expedited briefing, which is now complete. Doc. No. 141. For the reasons that follow, Philips's motion is ALLOWED in part and DENIED in part.

I.      BACKGROUND

The '526 patent relates to "[a]n electrode for transcutaneously delivering defibrillation pulses to a patient's heart."  Doc. No. 138-1.  ZOLL holds the patent and alleges Philips has infringed it with nine "accused products," such as "Smart Pads."  Doc. No. 28 at 2-3.  In "preliminary infringement charts" for those nine products, ZOLL included among "exemplary evidence of infringement" several references to test results.  See, e.g., Doc. No. 28-6 at 3-5 (citing "combination series resistance" values based on the "average of 30 tests – 10 tests with each of three electrode pairs").  This dispute centers around Philips's requests for information related to those tests.

In its motion, Philips seeks to compel production of the following:

> (1) all documents and information relating to Z[OLL]'s testing of electrodes allegedly covered by [the '526 patent] . . . ; (2) a complete and substantive response to Philips's Interrogatory No. 21 . . . ; (3) all information and data referred to in Z[OLL]'s '526 patent infringement contentions filed with this Court . . . ; and (4) a date for the deposition of its Rule 30(b)(6) witnesses testifying on the topics related to the '526 patent.

Doc. No. 137 at 1.  Philips also requests leave to file amended invalidity contentions following production of the information sought, as well as an extension of the deadline for its initial expert report.  See Doc. No. 138 at 1.  According to Philips, it "has continually requested discovery on the testing parameters and results from Z[OLL]'s analysis of the Philips accused products."  Doc. No. 138 at 3-4.

ZOLL has declined to produce the information, citing attorney-client privilege and work product protection, and arguing Philips is "prematurely demand[ing] that ZOLL provide its rebuttal expert theories" before such expert discovery is due.  Doc. No. 142 at 1.  ZOLL also has

declined to provide other test-related information Philips alternatively sought (via Interrogatory No. 21 and a topic listed in a Rule 30(b)(6) deposition notice) in response to ZOLL's refusal to produce the information referenced in its preliminary infringement contentions.  See Doc. No. 138 at 8-10 (addressing requests for how the accused products were tested and how ZOLL tests its own products).

The remainder of Philips's motion seeks documents and deposition dates which ZOLL has now provided.  See Doc. No. 142 at 7.

## II.     ANALYSIS

Although other ancillary issues have been raised as well, the dispute here centers on whether ZOLL may withhold information about the parameters used and results obtained in tests ZOLL ran on Philips's accused products.  The record before the Court does not reveal who conducted the tests.  ZOLL, however, has stated its trial experts "will [not] rely upon these materials," Doc. No. 142 at 2, and it has not otherwise characterized the information as having been generated by "experts."  As such, resolution of this issue turns on the two barriers to production ZOLL has invoked – attorney-client privilege and work product protection – and whether ZOLL has waived such protections by referring to the tests in a prior public filing.  See id. at 1-4; cf. Fast Memory Erase, LLC v. Spansion, Inc., 2009 WL 4884091, at *1 (N.D. Tex. Dec. 16, 2009) (noting attorney-client privilege and work product protection would not apply to "materials prepared by a non-testifying expert").

ZOLL has not demonstrated the information Philips seeks – which Philips describes as information regarding "testing parameters" and "results" – falls within the scope of the attorney-client privilege.  See Vicor Corp. v. Vigilant Ins. Co., 674 F.3d 1, 17 (1st Cir. 2012) ("The party

asserting the attorney-client . . . privilege bears the burden of showing that the privilege applies."). Assuming for present purposes that the information constitutes work product,[1] the record demonstrates ZOLL waived that protection as to the technical information regarding testing of the accused products.

ZOLL explicitly and, presumably, intentionally cited the relevant tests in numerous places throughout its preliminary infringement contentions, which it filed on the public docket for this case. See generally Doc. Nos. 28-6 through 28-14. In fact, ZOLL's only response to Philips's waiver argument is a suggestion that, because preliminary infringement contentions are not "evidence," references therein to otherwise protected or privileged information cannot constitute waiver. Doc. No. 142 at 3. As support, ZOLL relies upon Fast Memory Erase, a case from the Northern District of Texas which has no application here. The motion at issue there involved a request for materials prepared by a non-testifying expert and, thus, was analyzed using the standards set forth in Rule 26(b)(4)(D),[2] a provision which ZOLL has not sought to invoke. See 2009 WL 4884091, at *1 (rejecting out of hand claims of attorney-client and work-product privilege). Such materials are distinct from other work product, and the application of waiver to Rule 26(b)(4)(D) is not well-established, as it is in the usual work-product context. See In re

---

[1]This assumption is generous, as ZOLL bears the burden of establishing the work product doctrine applies. Vicor Corp., 674 F.3d at 17. Although ZOLL summarily argues in its opposition brief that the testing was done "by ZOLL at its attorneys' direction," Doc. No. 142 at 1, it has not submitted the information at issue for in camera review, nor has it submitted any other exhibits or evidence demonstrating the work product doctrine applies.

[2]At the time Fast Memory Erase was decided, the rule regarding materials generated by non-testifying experts was Rule 26(b)(4)(B). 2009 WL 4884091, at *1. In 2010, Rule 26 was amended, with two additional subsections added to Rule 26(b)(4). The non-testifying experts provision is identical now, but has been renumbered as Rule 26(b)(4)(D).

PolyMedica Corp. Sec. Litig., 235 F.R.D. 28, 32 (D. Mass. 2006). ZOLL has cited no cases – and the Court is aware of none – concluding that a party may incorporate work product into a publicly filed document (whether "evidence" or not), and then decline to produce that same work product based on a privilege claim. See In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 24 (1st Cir. 2003) (noting fairness prevents a party from using a privilege "as both a sword and a shield" by selectively disclosing information subject to the privilege).

ZOLL wrongly suggests that Philips also seeks "theories" or "opinion" work product, beyond the parameters and results of the tests referenced in ZOLL's preliminary infringement contentions. Doc. No. 142 at 4. The Court, however, does not read Philips's motion as requesting such information. The motion seeks only factual and technical information (test parameters and results), and does not extend to communications from, or substantive discussion with, counsel.[3] See Doc. No. 138 at 3-8 (repeatedly referencing test "dates," "parameters," and "results").

ZOLL cannot avoid disclosure by disavowing any intent to use the requested information in the future. See Doc. No. 142 at 2. It already has "relie[d] on that information to support its infringement claims" by repeatedly citing it throughout the preliminary infringement contentions, and those citations suggest "the test data supports . . . [ZOLL's] contentions." Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., Ltd., 244 F.R.D. 683, 693 (N.D. Ga. 2007). As such, it is

---

[3]To the extent Philips's motion does seek theories or opinions formulated or entertained by ZOLL's counsel, it is denied.

relevant and, given ZOLL's waiver of any work product protection, discoverable.[4]

Accordingly, Philips's motion is ALLOWED insofar as it seeks technical information regarding the dates, parameters, and results of the tests referenced throughout ZOLL's preliminary infringement contentions for the '526 patent.

The requests Philips discusses in sections II(B) and II(C) of its brief appear to be moot in light of the Court's decision to allow Philips's primary request. See Doc. No. 138 at 8-10 (concerning alternative requests for other testing information made only based on ZOLL's "refus[al] to provide its testing of Philips's electrodes"). To the extent Philips still wishes to pursue them, they are DENIED. Philips has cited no authority in support of these requests. Moreover, general information about "appropriate test parameters" will presumably be the subject of both parties' expert reports, and Philips has not demonstrated the relevance of information about ZOLL's testing of its own products "in the ordinary course of its business."

The requests Philips discusses in sections II(D) and II(E) also appear to be moot in light of ZOLL's assurances that it has provided the requested information.

Because ZOLL only recently provided certain information and made necessary witnesses available for depositions, and in light of the Court's ruling requiring ZOLL to provide information regarding the testing of accused products related to the '526 patent, Philips is reasonably entitled to additional time to supplement its invalidity contentions, if necessary. Extensions of the deadlines for expert reports also are warranted.[5]

---

[4] ZOLL's waiver eliminates the need for an inquiry regarding "substantial need" under Rule 26(b)(3)(A)(ii), the requirements of which must be met in order to pierce an unwaived claim of work product privilege.

[5] ZOLL has not opposed these requests for more time.

III.   CONCLUSION

For the foregoing reasons, Philips's Motion to Compel is ALLOWED in part and DENIED in part, as follows:

1. ZOLL shall produce information regarding the dates, parameters, and results of tests it performed on the accused products, as discussed above, by March 14, 2013;

2. Philips may supplement its invalidity contentions within seven days of receiving such information;

3. The deadline for serving opening expert reports concerning topics on which a party bears the burden of proof is extended to March 28, 2013;

4. The deadline for serving rebuttal expert reports is extended to April 18, 2013; and

5. Philips's motion is DENIED in all other respects.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge