UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
KONINKLIJKE PHILIPS            )
ELECTRONICS N.V., et al.,      )
                               )
    Plaintiffs/Counterclaim-Defendants, )
                               )
v.                             )    Civil No. 10-11041-NMG
                               )
ZOLL MEDICAL CORPORATION,      )
                               )
    Defendant/Counterclaim-Plaintiff. )
_____)

ORDER ON MOTION FOR PROTECTIVE ORDER

April 30, 2013

SOROKIN, C.M.J.

    This is a complex patent dispute in which each party alleges that the other has infringed multiple patents. Fact discovery is scheduled to end today, and deadlines for the exchange of expert reports are approaching. The plaintiffs, Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation (collectively, "Philips"), have moved for a protective order prohibiting the defendant, ZOLL Medical Corporation ("ZOLL"), from deposing Deborah DiSanzo. Doc. No. 171. Ms. DiSanzo is an Executive Vice President of Philips, and Chief Executive Officer ("CEO") of Philips Healthcare, an "operating group" of Philips' subsidiary companies with more than 37,000 employees worldwide. Doc. No. 172 at 4. On April 3, 2013, Philips' motion was referred to the undersigned for resolution. Doc. No. 173. ZOLL opposes the motion.[1] Doc. No. 190. For the reasons that follow, Philips's motion is DENIED.

---

[1] Both parties have filed their briefs under seal, Doc. Nos. 176, 190, although Philips also publicly filed a redacted version of its brief, Doc. No. 172.

ZOLL seeks to depose Ms. DiSanzo "regarding Philips' early knowledge of the accused ZOLL products, including their allegedly infringing features," which bears on ZOLL's laches defense.  Doc. No. 172 at 2.  In addition to citing Ms. DiSanzo's "leadership role in the company" and "her extremely busy schedule," id. at 1, Philips basis its effort to prevent the deposition on its view that Ms. DiSanzo "has no unique knowledge" or "non-repetitive information on this subject matter," id. at 2.  ZOLL disagrees, noting that, during the relevant time period, Ms. DiSanzo held a position involving management of the relevant division of Philips' business, and had direct involvement in investigating potentially infringing products sold by competitors including ZOLL.  Doc. No. 190 at 1.

"[T]he Federal Rules of Civil Procedure are to be construed liberally in favor of discovery."  Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001).  Discovery may be limited where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," where "the party seeking discovery has had ample opportunity . . . to obtain the information sought," or where "the burden . . . of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C).  A party seeking a protective order "to limit or eliminate discovery sought" bears the burden of establishing "good cause" for the request, i.e., that "justice requires [the Court] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Ameristar Jet Charter, 244 F.3d at 192; Fed. R. Civ. P. 26(c)(1).

As Philips recognizes, "[h]ighly-placed executives are not immune from discovery."  Consol. Rail Corp. v. Primary Indus. Corp., 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993).  Courts, however, have acknowledged that precluding depositions of such executives may be

appropriate where they lack specific and unique knowledge related to the suit. See id. (deferring executive depositions until other witnesses were deposed, but contemplating that such depositions could be conducted upon a showing that the executives had "some unique knowledge pertinent to the issues in these cases"); Baine v. Gen. Motors Corp., 141 F.R.D. 332, 335-36 (M.D. Ala. 1991) (prohibiting deposition of vice president of GM because other witnesses with apparent access to the same relevant information had not yet been deposed, nor had a corporate designee, but noting the protective order would be vacated "should the alternative discovery devices . . . prove inadequate"); Mulvey v. Chrysler Corp., 106 F.R.D. 364, 366 (D.R.I. 1985) (conditionally precluding deposition of Chrysler Chairman Lee Iacocca, but permitting written interrogatories and allowing a renewed request to depose him "if the answers are shown to be insufficient").  But where the executive does have such knowledge, and where other avenues of discovery have not or could not provide an adequate substitute, courts have denied protective orders.  See Travelers Rental Co. v. Ford Motor Co., 116 F.R.D. 140, 142 (D. Mass. 1987) (permitting depositions of executives, including Ford president, "who approved and/or administered" the actions at issue).

Here, ZOLL already has served interrogatories and conducted depositions of a corporate designee and the individuals Philips designated as having knowledge of the questions relevant to ZOLL's laches defense.  That discovery, however, has not yielded specific information regarding the relevant time period – information which ZOLL asserts Ms. DiSanzo uniquely possesses due to her position at that time and her direct involvement in relevant events.  Doc. No. 190 at 6-7 (identifying specific documents, produced by Philips in discovery, suggesting Ms. DiSanzo's familiarity with the relevant issues).  Under these circumstances, ZOLL has demonstrated a good

faith basis for believing Ms. DiSanzo has specific, unique knowledge of an issue central to one of ZOLL's defenses.  Philips has not demonstrated good cause to preclude the deposition, nor has it shown that the burden of producing Ms. DiSanzo for a deposition outweighs the likely benefit thereof.

Accordingly, Philips's Motion for a Protective Order is DENIED.  Within seven days of this Order, the parties shall confer and agree to a definite date for Ms. DiSanzo's deposition.  To the extent this requires a modification of other pretrial deadlines, the parties may file appropriate motions to extend.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge