United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, | ) ) ) ) ) | |
| Plaintiffs/ Counter-Defendants, | ) ) ) | Civil Action No. 10-11041-NMG |
| v. | ) ) | |
| ZOLL MEDICAL CORPORATION, | ) ) | |
| Defendant/ Counter-Claimant. | ) ) ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This Memorandum and Order addresses a post-trial memorandum filed by defendant/counter-claimant ZOLL Medical Corporation ("ZOLL") asserting a double patenting defense against the patent infringement claims of plaintiffs/counter-defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, "Philips"). Specifically, ZOLL maintains that the asserted claims of United States Patent Nos. 5,749,905 ("the '905 patent"), 6,047,212 ("the '212 patent") and 5,836,978 ("the '978 patent") are invalid for double patenting based upon similar claims asserted in United States Patent Nos. 5,749,904

("the '904 patent"), 5,593,427 ("the '427 patent"), 5,607,454 ("the '454 patent") and 5,803,927 ("the '927 patent").[1]

I. **Legal Standard**

Obviousness-type double patenting is a judicially-created doctrine that prohibits parties from extending their property rights beyond the end of a patent term. Eli Lilly & Co. v. Barr Labs, Inc., 251 F.3d 955, 967-68 (Fed. Cir. 2001). The defense applies when one or more claims of an earlier patent either anticipate or render obvious one or more claims in a later patent and the patents are commonly owned. Takeda Pharm. Co. v. Doll, 561 F.3d 1372, 1375 (Fed. Cir. 2009). The doctrine is intended to prevent 1) the "unjustified timewise extension of the right to exclude granted by a patent" and 2) different assignees from filing multiple infringement suits based upon what is "essentially the same patented invention." In re Hubbell, 709 F.3d 1140, 1145 (Fed. Cir. 2013).

Whether a patent claim is invalid under the doctrine of obviousness-type double patenting is a question of law. Id. As with all issues of patent invalidity, an accused infringer must

---

[1] The Court declines to make separate findings of fact and conclusions of law under Fed. R. Civ. P. 52(a)(1) because the issue of double-patenting was not tried to the Court without a jury or submitted to the jury for an advisory verdict. Instead, the Court allowed the admission of the '427 patent (Trial Ex. 1648), the '904 patent (Trial Ex. 1659) and the '927 patent (Trial Ex. 1664) into the trial record because it had been advised that ZOLL's expert, Dr. Kroll, would testify about double patenting. Dr. Kroll provided no such testimony.

prove obviousness-type double patenting by clear and convincing evidence. Symbol Techs., Inc. v. Opticon, Inc., 935 F.2d 1569, 1580 (Fed. Cir. 1991).

The Court applies a two-step process when deciding if a patent claim is void for obviousness-type double patenting. Eli Lilly & Co., 251 F.3d at 968. First, it construes the claims in the earlier and later patents to determine whether there are any differences between them. Id. It then decides whether any perceived difference renders the claims "patentably distinct." Id. If a later claim is anticipated by or obvious over an earlier claim, it is not patentably distinct and is therefore invalid. Id.

## II. **Application**

Philips objects to the substance of ZOLL's double-patenting defense as well as to the process by which it was raised. Putting Philips's procedural objections aside, the Court agrees with Philips that a double patenting defense cannot be applied to invalidate the '905, '978 and '212 patents because the '905 and '978 patents both expired on the same date as the '904 and '427 patents and the '212 patent expired on the same date as the '927 patent and before the '454 patent.

### A. **Relevant Expiration Dates**

Each of the '905, '978, '212, '904, '427 and '927 patents is a continuation of U.S. Patent Application No. 08/103,873

filed on August 6, 1993 but is based on an application filed in 1996 or later.  The '905 patent issued on May 12, 1998 from an application filed August 2, 1996.  The '978 patent issued on November 17, 1998 from an application filed August 12, 1997.  The '212 patent issued on April 4, 2000 from an application filed October 8, 1997.  The '904 patent issued on May 12, 1998 from an application filed on February 14, 1996.  The '427 patent issued on January 14, 1997 from an application filed on February 14, 1996.  The '927 patent issued on September 8, 1998 from an application filed on February 19, 1997.

Because each of the subject patents issued from applications that were filed after the Uruguay Rounds Agreement Act, Pub. L. 103-465, 108 Stat. 4809 (1994) changed the rules for the expiration of patent terms, see 35 U.S.C. § 154(a), they were entitled to a 20-year term of patent exclusivity beginning on the date of the earliest-filed application to which they claim priority.  Because they all claim priority to the August 6, 1993 application, they share an expiration date of August 6, 2013.

The '454 patent has a different expiration date even though it also claims priority to the application filed on August 6, 1993.  The '454 patent issued on March 4, 1997 from an application filed on April 14, 1994.  Because that application predated the amendment to 35 U.S.C. § 154, the inventor was

entitled to claim the longer of the terms extending 17 years from the date on which the patent issued or 20 years from the date of the earliest filed application to which the patent claims priority. In this case, the longer term was the 17-year term that began on March 4, 1997 and ended on March 4, 2014 as opposed to the 20-year term that began on August 6, 1993 and ended on August 6, 2013.

**B.  Analysis**

Because the '904, '427 and '927 patents all expired on the same date as the patents they allegedly invalidate, they do not support a double patenting defense as to the '905, '978 and '212 patents. The Federal Circuit has recently explained that expiration dates, not issuance dates, are determinative in assessing a double patenting defense. <u>Gilead Sciences, Inc.</u> v. <u>Natco Pharma Ltd.</u>, No 2013-1418, 2014 WL 1584450, at *5-6 (Fed. Cir. Apr. 22, 2014). Here, the '904, '427 and '927 patents expired on the same date as the asserted '905, '978 and '212 patents. As a result, any overlap between the subject matter did not result in an "unjustified timewise extension of the right to exclude granted by" the '905, '978 and '212 patents. <u>Hubbell</u>, 709 F.3d at 1145.

While the '454 patent expired after the other patents in this family, the same result obtains. The patent that it allegedly invalidates, the '212 patent, expired before the '454

-5-

patent and therefore, logically, the '212 patent could not unfairly extend the term of the '454 patent. See id.; Gilead, 2014 WL 1584450, at *6.

Furthermore, while it is possible that a double-patenting defense could still apply where there were other adjustments or extensions to the subject patent term or where multiple cases were filed by different assignees, see In re Fallaux, 564 F.3d 1313, 1318-19 (Fed. Cir. 2009), ZOLL has presented no evidence, much less clear and convincing evidence, to prove that such conditions exist in this case.

## ORDER

For the foregoing reasons, the Court concludes that it is inappropriate to bar claims of infringement of United States Patent Nos. 5,749,905, 6,047,212 and 5,836,978 based upon the doctrine of obviousness-type double patenting and therefore such claims are not barred.

**So ordered.**

    /s/ Nathaniel M. Gorton  
    Nathaniel M. Gorton  
    United States District Judge

Dated June 20, 2014