United States District Court
District of Massachusetts

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ZOLL MEDICAL CORPORATION,<br><br>Defendant. | Civil Action Nos.<br>10-11041-NMG and<br>12-12255-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant ZOLL Medical Corporation ("ZOLL") moves to stay the upcoming March, 2015 trial with respect to 1) the damages phase of the bifurcated patent case Civil Action No. 10-11041-NMG ("Philips I") and 2) liability and damages in a second, related patent case, Civil Action No. 12-12255-NMG ("Philips II"). For the reasons that follow, the motion to stay will be allowed, in part, and denied, in part.

I. **Background**

Philips I commenced in June, 2010. This Court bifurcated that case and the liability phase was tried for 11 days in December, 2013. The jury found that 1) ZOLL directly infringed five of plaintiffs' patents, 2) plaintiffs directly infringed two of ZOLL's patents and 3) neither party was liable for

-1-

indirect infringement of any patent. Both parties filed interlocutory appeals to the Federal Circuit Court of Appeals under 28 U.S.C. § 1292(c)(2) in August, 2014. The damages phase of that case is scheduled for trial to begin on March 2, 2015.

The Philips II case was filed in December, 2012. Two patents remain at issue and trial on liability and damages is scheduled to proceed simultaneously with Philips I on March 2, 2015.

II. **Analysis**

   A. **Philips I**

This Court has discretion to stay a damages trial in a bifurcated action for patent infringement during the pendency of an interlocutory appeal. In re Calmar, Inc., 854 F.2d 461, 463 (Fed. Cir. 1988) ("staying of a damages trial is discretionary and not mandatory").

The United States Supreme Court has recognized that large expenses are frequently incurred in damages trials and "where recoveries were ultimately denied by reversal of decrees on the merits." McCullough v. Kammerer Corp., 331 U.S. 96, 98 (1947). The Federal Circuit Court of Appeals likewise has acknowledged that "the policy underlying § 1292(c)(2) was to allow a district court to stay a damages trial pending appeal." In re Calmar, 854 F.2d at 463-64.

Plaintiffs contend that the following factors set forth by the United States Supreme Court in Hilton v. Braunskill should guide the Court's decision on the motion to stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

481 U.S. 770, 776 (1987).

Defendant responds that the Hilton factors govern the stay of an injunction pending appeal and do not control the decision to stay a damages trial pending appeal in a patent case. It insists that the First Circuit Court of Appeals instead generally considers:

> (i) the interests of the civil plaintiff in proceeding expeditiously...; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the [] courts; (iv) the interests of third parties; [] (v) the public interest...(vi) the good faith of the litigants (or the absence of it) and (vii) the status of the cases.

Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 78 (1st Cir. 2004).

This Court need not choose between the conflicting factors for deciding whether to stay trials because, upon careful consideration, it concludes that the balance of interests favors a stay of the damages trial in any event. While the Court is determined to avoid prolonging the duration of this nearly five

year old case, it is also compelled to avoid conducting two lengthy and expensive damages trials. Neither party will be materially injured by either the allowance or denial of a stay.

Moreover, although no district court in the First Circuit has addressed the issue of a stay of a damages trial pending the appeal on liability issues in a patent case, it is instructive that courts in the District of Delaware frequently stay damages trials pending appeal of liability issues. See e.g., IGT v. Bally Gaming Int'l Inc., 2010 WL 1727388, at *2 n. 5 (D. Del. Apr. 28, 2010) ("It is the court's practice to stay damages pending appeal"); Callaway Golf Co. v. Acushnet Co., 576 F.3d 1331, 1337 (Fed. Cir. 2009) (noting that trial on damages was stayed following a jury trial on liability in the District of Delaware).

Recognizing that the chances for some sort of modification of the decision on appeal to the Federal Circuit Court of Appeals are not insignificant, this Court will stay the upcoming damages trial in Philips I until a decision on liability in that case is rendered by the Federal Circuit.

**B. Philips II**

Plaintiffs are presently asserting two patents in the Philips II case. Discovery is complete and the case is ready (and has long been scheduled) for trial. The Court concludes that there is no compelling reason to stay that case (probably

-4-

into 2016) as well. Trying Philips II separately from the damages phase of Philips I will instead allow the case to proceed in a more conventional and streamlined manner and will avert predictable confusion of the jury.

## ORDER

For the foregoing reasons, defendant's motion to stay is **ALLOWED, in part, and DENIED, in part.** Trial relating to damages in Civil Action No. 10-11041-NMG is stayed pending judgment in the cross-appeals to the Federal Circuit Court of Appeals. All issues in Civil Action No. 12-12255-NMG are ready for trial, which will commence as previously scheduled on Monday, March 2, 2015 at 9:00 A.M.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 9, 2015