### United States District Court
### District of Massachusetts

|  |  |
|---|---|
| ﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍ ) | |
| KONINKLIJKE PHILIPS N.V. and ) | |
| PHILIPS ELECTRONICS NORTH ) | |
| AMERICA CORPORATION, ) | |
| ) | |
|      Plaintiffs, ) | Civil Action Nos. |
| ) | 10-11041-NMG |
|      v. ) | |
| ) | |
| ZOLL MEDICAL CORPORATION, ) | |
| ) | |
|      Defendant. ) | |
| ﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍ ) | |

### MEMORANDUM & ORDER

**GORTON, J.**

In this bifurcated patent infringement case defendant Zoll Medical Corporation ("Zoll") moves to postpone the trial on damages scheduled for July, 2017 because of the prolonged reexamination of the subject patents in the Patent and Trademark Office ("PTO").  Zoll also moves to set deadlines for plaintiffs Koninklijke Philips, N.V. and Philips Electronics North America Corporation (collectively, "Philips") to seek leave to file amended or new expert damage reports.  For the reasons that follow, both motions will be denied.

## I.  **Background**

This patent case involves external defibrillators.  In June, 2010, Phillips filed suit against Zoll for infringement of its waveform patents (the '454, '905, '212 and '978 patents),

self-test patents (the '460 and '374 patents) and CPR instructions patent (the '785 patent).  Zoll denied infringement and counterclaimed for infringement of its electrode patent (the '526 patent) and defibrillator patent (the '187 patent).  This Court bifurcated the liability and damages phases of the case.

In December, 2013, after a vigorously contested jury trial, the Court submitted the validity and infringement issues to the jury.  With respect to Philips' patents, the jury did not address the validity of the '212 patent, which was not contested, but otherwise found that all of the contested claims in the '212, '454, '905 and '460 patents were valid and directly infringed by Zoll's products and that all of the disputed claims in Philips' '374 patent were valid and some were directly infringed.

With respect to the Zoll patents, the jury found that the disputed claims of the '187 and '526 patent were valid, all of the claims of the '187 patent were directly infringed and most of the disputed claims of the '526 patent were directly infringed.

This Court denied both parties' motions for judgment as a matter of law and both parties appealed.

In January, 2015, the Court granted Zoll's motion to continue the damages trial pending the appeal even though the parties had already exchanged damages expert reports.  In July,

-2-

2016, the Federal Circuit Court of Appeals affirmed, in part, reversed, in part, vacated, in part, and remanded the case for a new liability trial on the contested claims in Zoll's '526 electrode patent.  This Court lifted the stay and scheduled the damages trial to commence on July 24, 2017.

Early in 2015, Zoll requested the PTO to reexamine the validity of the claims based on the Philips' waveform '454, '905 and '212 patents.  The PTO did so and issued final rejections of the claims with respect to the '454 and '212 patents.  Philips has now appealed those rejections to the Patent Trial and Appeal Board and, in September, 2016, Zoll again moved to stay the damages trial pending the completion of the reexamination.  Zoll also moved to set deadlines for Philips to seek leave to file any amended or new damages expert reports.  This memorandum addresses the pending motions.

## II.   **Motion to Stay**

It is well established that

[c]ourts have inherent power to manage their dockets and
stay proceedings including the authority to order a stay
pending conclusion of a PTO reexamination.

Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).  While courts have the power to grant a stay if there is a pending reexamination, they are not required to do so.  Viskase Corp. v. Am. Nat. Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001).  The decision to grant a stay lies within a court's

discretion.  Id.  In evaluating whether a stay is appropriate,

courts consider the following factors:

> 1) whether a stay would unduly prejudice or present a clear
> tactical disadvantage to the non-moving party;
> 2) whether a stay will simplify the issues [] and [the]
> trial of the case; and
> 3) whether discovery is complete and whether a trial date
> has been set.

Englishtown, Inc. v. Rosetta Stone Inc., 962 F. Supp. 2d 355,

359 (D. Mass. 2013).

As for the first factor, it is undeniable that a stay would

be to the tactical disadvantage of the non-moving party,

Philips.  The Federal Circuit Court of Appeals has determined

that, if there are concurrent litigation and reexaminations with

respect to the same patents and the patents are found invalid in

the final reexamination proceeding, the invalidity decision

controls the outcome in the ongoing litigation.  Fresenius USA,

Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1339–41 (Fed. Cir.

2013).  Moreover, even if the litigation proceedings have

resulted in a judgment of liability, the final reexamination

decision controls the outcome of undecided damages or remanded

issues.  Id. at 1341–42.  Consequently, if the damages trial is

stayed while the reexamination proceedings continue to

completion, Philips may be unable to recover damages for claims

on which a jury has found Zoll liable and as to which the

Federal Circuit Court of Appeals has affirmed.

Second, although it is true that stays during pending reexaminations often have the potential to simplify a trial, Zoll's delay in seeking reexamination until after the completion of the liability trial has significantly diminished the possibility of simplifying this case. Cynosure, Inc. v. Cooltouch Inc., No. 08-cv-10026-NMG, 2009 WL 2462565, at *2 (D. Mass. Aug. 10, 2009). The sole remanded liability issue, Zoll's counterclaim based on its '526 electrode patent, would not be simplified by a stay because that patent is not being reexamined.

While a stay might result in some simplification of damages issues, it would have no impact on damages with respect to Philips' claims based on the '374 patent or Zoll's counterclaims based on the '187 patent because those patents are not currently being reexamined. Furthermore, damages can be decided on a patent-by-patent basis and, if a particular patent is later invalidated, damages can be reduced accordingly. In sum, Zoll's delay in requesting reexamination until after the liability trial has seriously limited any benefit that would result from a stay.

Third, the completion of 1) the liability trial, 2) the appeal of relevant issues and 3) some discovery with respect to the damages trial as well as the fact that a damages trial date has been set weigh against the request for a stay. Indeed,

requests for a stay at this stage of litigation are "routinely
denied." Cynosure, Inc., 2009 WL 2462565, at *2 (citing Ariad
Pharm., Inc. v. Eli Lilly Co., No. 02-cv-11280-RWZ, 2005 WL
1342721, at *1 (D. Mass. June 6, 2005); Softview Computer Prods.
Corp. v. Haworth, Inc., 56 U.S.P.Q.2d 1633, 1635-37 (S.D.N.Y.
2000)).  For all of these reasons, the Court will deny Zoll's
request for a stay.

### III.  **Motion to Set Deadlines for Plaintiff to Seek Leave to File New Or Amended Damages Expert Reports**

Zoll moves to set deadlines for Philips to seek leave to
file new or amended damages expert reports on the grounds that
the 2014 deadlines for damages expert discovery have long since
passed.  Courts have broad discretion to oversee the discovery
process. MAZ Partners LP v. Shear, No. CV 11-cv-11049-PBS, 2016
WL 4925781, at *2 (D. Mass. Sept. 15, 2016) (citing Vineberg v.
Bissonnette, 548 F.3d 50, 54 (1st Cir.2008)).  A scheduling
order may be amended if there is good cause and the court
consents. Fed. R. Civ. P. 16(b)(4).

Here, Philips has satisfied the good cause prerequisite.
Its damages theory may be modified to reflect the ruling of the
Federal Circuit in this case and new case law that has evolved
during the pendency of the appeal.  The fact that Zoll's counsel
worked extensively with Philips' damages expert on another case
during the stay further buttresses Philips' showing of good

cause.  Finally, and perhaps most importantly, the reason that Philips' damages case is stale and updates are warranted is that Zoll's first request for a stay was granted.  Thus, Zoll's request that the Court set deadlines for plaintiffs to seek leave to file new or amended damages expert reports will be denied.  Plaintiffs will be permitted to supplement their damages claims and submit revised expert reports and defendant will, of course, be permitted to revise its defense accordingly.

**IV.   Updated Deadlines**

The deadlines set at the status conference on August 18, 2016 are modified as follows:

| | |
|---|---|
| 12/15/2016 | Expert reports on issues for which party bears burden of proof due |
| 01/31/2017 | Expert reports on issues for which party does not bear burden of proof due |
| 02/28/2017 | Expert discovery completed |
| 03/15/2017 | Daubert motions and motions for summary judgment due |
| 03/31/2017 | Oppositions to Daubert motions and motions for summary judgment due (replies only with leave of the Court) |
| 06/08/2017 | Motions in limine due |
| 07/24/2017 | Jury trial |

## <u>ORDER</u>

In accordance with the foregoing, defendant's motions to stay (Docket No. 876) and to set deadlines (Docket No. 892) are **DENIED**.


**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated November 8, 2016