```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────────┐
                                      )
Koninklijke Philips N.V. and          )
Philips Electronics North             )
America Corporation,                  )
                                      )
        Plaintiffs,                   )
                                      )
             v.                       )    Civil Action No.
                                      )    10-11041-NMG
Zoll Medical Corporation,             )
                                      )
        Defendant.                    )
                                      )
└─────────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pursuant to this Court's scheduling order entered on December 16, 2016, Zoll Medical Corporation ("defendant") filed two Daubert motions to exclude, in part, the testimony of Mr. John C. Jarosz and Dr. John P. Freese, two expert witnesses retained by Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, "plaintiffs") for trial. For the following reasons, those motions will be denied.

**I.   Defendant's Daubert Motions**

   **A.   Legal Standard**

The admission of expert evidence is governed by Fed. R. Evid. 702 which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny. United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002).

Rule 702 charges a district court with determining whether: 1) "scientific, technical, or other specialized knowledge will assist the trier of fact," 2) the expert is qualified "by knowledge, skill, experience, training, or education" to testify on that subject, 3) the expert's proposed testimony is based upon "sufficient facts or data," 4) that testimony is the product of "reliable principles and methods" and 5) the expert "applies the principles and methods reliably to the facts of the case."

The Court must be vigilant in exercising its gatekeeper role because of the latitude given to expert witnesses to express their opinions on matters about which they have no firsthand knowledge and because an expert's testimony may be given substantial weight by the jury due to the expert's status. See Daubert, 509 U.S. at 595; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148 (1999).

The Court must nonetheless keep in mind that vigorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof are the traditional and more appropriate means of attacking shaky but admissible evidence. Daubert, 509 U.S. at 596. If an expert's testimony is within "the range where experts might reasonably differ," the jury, not the trial court, should be the one to decide among the conflicting views of different experts. Kumho Tire, 526 U.S. at

153. When a dispute exists between two experts both of whom use reliable methods, that dispute "[goes] to the weight, not the admissibility, of the testimony." Cummings v. Standard Register Co., 265 F.3d 56, 65 (1st Cir. 2001).

**B. Application**

**1. Mr. John C. Jarosz**

Plaintiffs plan to call John C. Jarosz to testify as an expert witness regarding alleged damages. Defendant does not challenge Mr. Jarosz's qualifications to testify as to damages generally. Rather, it challenges the theories of damages he purportedly uses in developing his report and opinions.

The crux of a Daubert challenge is, however, whether the proposed expert testimony "fits" the facts and issue of the case. See 509 U.S. at 591-93. Here, Mr. Jarosz's proposed testimony appears to do so. For example, that Mr. Jarosz uses product sales to determine damages for direct infringement of method claims is not grounds for excluding his testimony. See Carnegie Mellon Univ. v. Marvell Tech. Grp., 807 F.3d 1283, 1305-06 (Fed. Cir. 2015) (upholding jury verdict based upon reasonable royalties for sales even though method claims were infringed). Although defendant might disagree with that approach it does not make it unreliable.

That same reasoning applies to defendant's arguments with respect to Mr. Jarosz's consideration of foreign sales, see id.

at 1306-07, and his calculations of lost profits, see, e.g., Cent. Soya Co. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1579-80 (Fed. Cir. 1983) (affirming award of lost profits when method claims were infringed).

Furthermore, defendant avers that Mr. Jarosz improperly relies upon alleged infringement that occurred outside of the statute of limitations period. That argument is unpersuasive, however, because in his deposition, Mr. Jarosz denied using such data in his damages calculations.

Finally, defendant's arguments as to the speculative nature and lack of support for Mr. Jarosz's testimony amount to disagreements with his conclusions. Such disagreements are not, however, proper grounds for exclusion. See WBIP, LLC v. Kohler Co., 965 F. Supp. 2d 170, 173 (D. Mass. 2013). Defendants' objections to Mr. Jarosz's testimony "[go] to the weight, not the admissibility, of the testimony." Id.

Accordingly, the Court will deny defendant's motion to exclude portions of Mr. Jarosz's expert testimony.

### 2. Dr. John P. Freese

Plaintiffs also plan to call Dr. John C. Freese to testify as an expert witness concerning the use of clinical studies by purchasers of defibrillators. Dr. Freese is an experienced emergency medical clinician with approximately 25 years experience using and purchasing defibrillators. He has been the

sole purchaser of defibrillators approximately ten times and he has been involved in the process of purchasing such devices several other times.

First, although defendant contends that Dr. Freese is not qualified as a marketing and sales expert, he has been retained to testify as to his extensive experience as clinician and purchaser of defibrillators.

Second, defendant complains that Dr. Freese's opinions are unsupported by reliable scientific methodology. Those disagreements with Dr. Freese's choice of methodology go to the weight but not the admissibility of his testimony. See Cummings, 265 F.3d at 65.

Because defendant's concerns with Dr. Freese's testimony are more appropriately addressed by vigorous cross-examination during trial, the Court will deny its motion to exclude portions of Dr. Freese's expert testimony.

# ORDER

For the foregoing reasons,

1) Defendant's motion to exclude portions of the testimony of Mr. John C Jarosz (Docket No. 924) is **DENIED** and

2) Defendant's motion to exclude in part the testimony of Dr. John P. Freese (Docket No. 926) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 19, 2017