United States District Court
District of Massachusetts

|                                          |   |                        |
|------------------------------------------|---|------------------------|
| Koninklijke Philips N.V. and             ) |   |                        |
| Philips Electronics North                ) |   |                        |
| America Corporation,                     ) |   |                        |
|                                          ) |   |                        |
|     Plaintiffs,      ) |   |                        |
|                                          ) |   |                        |
|     v.               ) |   | Civil Action No.       |
|                                          ) |   | 10-11041-NMG           |
| Zoll Medical Corporation,                ) |   |                        |
|                                          ) |   |                        |
|     Defendant.       ) |   |                        |

**MEMORANDUM & ORDER**

**GORTON, J.**

This patent case involves automated external defibrillators ("AEDs") and components thereof. In June, 2010, plaintiffs Koninklijke Philips, N.V. and Philips Electronics North America Corporation (collectively, "plaintiffs" or "Philips") filed suit against defendant Zoll Medical Corporation ("defendant" or "Zoll") for infringement of the Philips waveform patents (the '454, '905, '212 and '978 patents), self-test patents (the '460 and '374 patents) and CPR instructions patent (the '785 patent). Zoll denied infringement and counterclaimed for infringement of its electrode patent (the '526 patent) and defibrillator patent (the '187 patent). This Court bifurcated the liability and damages phases of the case.

Pending before the Court are Zoll's motion for summary judgment of no willful infringement and Philips's motions for summary judgment to preclude Zoll from collecting damages 1) on foreign sales of a certain electrode pad product and 2) for a particular five-month period in 2007. For the reasons that follow, Zoll's motion will be allowed, Philips's motions will be denied.

I. **Background**

In December, 2013, after a vigorously contested jury trial, the Court submitted the issues of patent validity and infringement to the jury. With respect to Philips's patents, the jury did not address the validity of the '212 patent, which was not contested, but otherwise found that all of the contested claims in the '212, '454, '905 and '460 patents were valid and directly infringed by Zoll's products and that all of the disputed claims in Philips's '374 patent were valid and some were directly infringed.

With respect to the Zoll patents, the jury found that the disputed claims of the '187 and '526 patent were valid, all of the claims of the '187 patent were directly infringed and most of the disputed claims of the '526 patent were directly infringed.

This Court denied both parties' motions for judgment as a matter of law and both parties appealed.

In January, 2015, the Court granted Zoll's motion to continue the damages trial pending the appeal even though the parties had already exchanged damages expert reports. In July, 2016, the Federal Circuit Court of Appeals affirmed, in part, reversed, in part, vacated, in part, and remanded the case for a new liability trial on the contested claims in Zoll's '526 electrode patent. This Court lifted the stay and scheduled the trial on the sole remaining liability issue (relative to Zoll's '526 patent) and damages to commence on July 24, 2017.

Early in 2015, Zoll requested the PTO to reexamine the validity of the claims based on the Philips' waveform '454, '905 and '212 patents. The PTO did so and issued final rejections of the claims with respect to the '454 and '212 patents. Philips appealed those rejections to the Patent Trial and Appeal Board and, in September, 2016, Zoll again moved to stay the damages trial pending the completion of the reexamination. Zoll also moved to set deadlines for Philips to seek leave to file any amended or new damages expert reports. This Court declined to stay the case but allowed the parties to file new or amended damages expert reports.

Pursuant to a briefing schedule set by this Court in November, 2016, the parties filed three motions for summary judgment (one by Zoll and two by Philips) in March, 2017. This memorandum addresses those pending motions.

## II. The Parties' Motions for Summary Judgement

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no

genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Application**

    **1. Defendant's Motion for Summary Judgment of No Willful Infringement**

Defendant Zoll moves for summary judgment that it did not willfully infringe claim 51 of United States Patent No. 5,607,454 ("the '454 patent") and claims 4 and 8 of United States Patent No. 5,749,905 ("the '905 patent").

    **a. Factual background**

Philips is the owner of several patents-in-suit, including the '454 patent and the '905 patent. On or about November 17, 2008, Philips first contacted Zoll about potential infringement of at least some of those patents.[1] Litigation ensued and on December 19, 2013, a jury found, <u>inter</u> <u>alia</u>, Zoll not liable for contributory infringement or induced infringement of claim 51 of the '454 patent and claims 4 and 8 of the '905 patent.

Philips appealed the jury's verdict with respect to its finding of no contributory infringement. The Federal Circuit Court of Appeals affirmed that finding in an opinion dated July 28, 2016. <u>See</u> <u>generally</u> <u>Koninklike Philips N.V.</u> v. <u>Zoll Med. Corp.</u>, 656 Fed. App'x 504 (Fed. Cir. 2016).

---

[1] The parties dispute whether Philips specifically mentioned the '454 patent and the '905 patent in that letter.

-5-

### b. Legal analysis

The United States Supreme Court recently held that in order to be liable for willful infringement, pursuant to 35 U.S.C. § 284, the infringing conduct must be "willful, wanton, malicious, [in] bad-faith, deliberate, consciously wrongful [or] flagrant." Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1932 (2016).

According to defendant, a favorable jury verdict with respect to plaintiffs' claims for induced and contributory infringement, combined with the affirmation of that verdict and determination by the Federal Circuit Court of Appeals ("Federal Circuit") that its conduct was "reasonable," see Koninklike Philips, 656 Fed. App'x at 523, precludes any possibility that their conduct is "willful, wanton [or] malicious".

Plaintiffs generally respond that the standards for willful infringement under 35 U.S.C. § 284 and those of contributory and induced infringement are different and, therefore, the issue should be decided by the jury.

Although the Court recognizes that in most instances, the question of willfulness is for the jury, Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., 682 F.3d 1003, 1006 (Fed. Cir. 2012), here it is bound by the finding of the Federal Circuit that defendant's belief that its conduct was non-infringing was reasonable. United States v. Rivera-Martinez, 931

F.2d 148, 150 (1st Cir. 1991) ("[T]he decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand.").

Plaintiffs' attempt to distinguish the jury findings and the Federal Circuit holding from the willfulness standard is unpersuasive. They maintain that the standard for willfulness considers the subjective belief of the defendant, see Halo Elecs., 136 S. Ct. at 1933, whereas the Federal Circuit only made only an objective determination as to whether defendant's conduct was reasonable.

In affirming the jury's verdict, however, the Federal Circuit concluded

> that [although] Zoll's claim construction argument against the jury's direct infringement verdict . . . was incorrect, [its] argument was based on a reasonable interpretation of the claims in light of the specification and the prosecution history. . . . [T]his belief in non-infringement was reasonable . . . .

Koninklike Philips N.V., 656 Fed. App'x at 523 (emphasis added) (citation omitted). Post-Halo, courts have dismissed willfulness infringement claims where, as here, the defendant has had "reasonable arguments as to why its conduct was non-infringing." Move, Inc. v. Real Estate All. Ltd., 221 F. Supp. 3d 1149, 1173 (C.D. Cal. 2016) (appeal pending); see also Trs. of Bos. Univ. v. Everlight Elecs. Co., 212 F. Supp. 3d 254, 256-57 (D. Mass. 2016) (appeal pending).

-7-

Finally, plaintiffs contend that defendant knew about its infringing activities long before 2009, the year in which defendant responded that it believed that it was not infringing. Such knowledge of infringement does not, however, rise to a level of willfulness. Cf. Trs. Of Bos. Univ., 212 F. Supp. At 257 (quoting Halo Elecs., 36 S. Ct. at 1936 (Breyer, J., concurring)). Plaintiffs have not met their burden to show that defendant's conduct was so malicious that a finding of willful infringement is warranted in this case. See Andrea, LLC v. Barnes & Noble, Inc., No. 13 Civ. 4137, 2017 WL 44954 (S.D.N.Y. Jan. 3, 2017) (noting that the burden of proof is not on the defendant and concluding that plaintiff has not shown that the defendant's actions were "subjectively willful").

Accordingly, the Court will allow defendant's motion for summary judgment with respect to plaintiffs' claims for willful infringement of claim 51 of the '454 patent and claims 4 and 8 of the '905 patent.

### 2. Plaintiffs' Motion for Summary Judgment that Defendant Cannot Collect Damages on Certain Foreign Sales

Plaintiffs move for summary judgment on the question of damages with respect to foreign sales of a certain M3713A electrode pad. They aver that the product is not manufactured or sold anywhere in the United States and, thus, damages are not recoverable. See 35 U.S.C. § 271(a). Defendant responds that

there is at least a genuine issue of material fact as to whether the electrode pads are manufactured and/or sold by Philips in the United States.

### a. Factual background

Philips sells and ships various electrode products individually and as replacement electrodes for use in its defibrillators. A third-party, Katecho, has contracted with Philips to manufacture electrode pads, including one identified as model number M3713A which is the subject of this motion.

### b. Legal analysis

The parties generally dispute whether Philips "makes" or "sells" the M3713A electrode pads in the United States such that it is subject to a claim for damages for infringing a Zoll patent, see 35 U.S.C. § 271(a), even though the M3713A electrodes are physically manufactured by Katecho.

Pursuant to 35 U.S.C. § 271(a), a company that,

> without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

Courts have interpreted this provision to preclude a patentee from receiving compensation for an infringer's "foreign exploitation of a patented invention." Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 711 F.3d 1348, 1371 (Fed. Cir. 2013).

Here, Philips relies upon an affidavit submitted by David Nuttal, its

> Controller for Emergency Care and Resuscitation and Hospital Respiratory Care in Patient Care and Measurement Systems,

to show that the subject electrode pad is manufactured by Katecho and then shipped to a Philips corporate affiliate in Germany for resale outside of the United States. Furthermore, according to Philips, no contracts are entered into by any of the Philips entities in the United States.

Defendant counters with statements by representatives from Philips that certain electrodes are, in fact, sold within the United States. Although those statements do not refer to the M3713A electrode pads specifically, viewing the record in a light most favorable to defendant, as the Court must do, the Court finds that there is at least a genuine issue of material fact as to whether that electrode pad model is sold within the United States. Therefore, plaintiffs' motion for summary judgment will be denied.

### 3. Plaintiffs' Motion for Summary Judgment to Preclude Defendant from Collecting Damages

Finally, plaintiffs move for summary judgment to preclude recovery of damages for its infringement of U.S. Patent No. 5,330,526 ("the '526 patent") before November 16, 2007.

Defendant concedes that it will not seek damages for infringement before June 1, 2007, and therefore is not entitled to such damages. Consequently, the only viable dispute is whether defendant is entitled to recover damages for infringement of the '526 patent between June 1, 2007 and November 16, 2007.

### a. Factual background

Defendant Zoll is the owner of the '526 patent. Zoll, including its wholly-owned subsidiary, Bio-Detek, sells at least 37 different electrode products that embody at least one claim of the '526 patent. There appears to be no communication of any kind between the parties about the '526 patent before November 16, 2007.

Although it is disputed whether or not Zoll "marked" (i.e., added the word "patent" and the patent number) its electrode product lines prior to that date, Zoll seeks damages for infringement for the period June 1, 2007 through November 16, 2007. Zoll apparently marked either 65% or 73% of its electrode products that practice the '526 patent in that timeframe.

### b. Legal analysis

Pursuant to 35 U.S.C. § 287(a), a patentee may not recover damages unless it has "notified" the infringer of its conduct and the infringer continues its unlawful activities. Such notice can be "actual" or "constructive". Funai Elec. Co. v.

Daewood Elecs. Corp., 616 F.3d 1357, 1372, 1373 (Fed. Cir. 2010). The parties apparently do not dispute that defendant did not provide actual notice to plaintiff of its infringing activities. Thus, the Court must determine whether defendant provided constructive notice.

A patentee can provide constructive notice by "marking" its patented product with the word "patent" (or its abbreviation "pat.") and the number of the patent. See 35 U.S.C. § 287(a). To be in compliance with the statute, the patentee must "mark substantially all of its patented products". Am. Med. Sys., Inc. v. Med. Eng'g Corp., 6 F.3d 1523, 1538 (Fed. Cir. 1993).

Here, plaintiffs contend that between June 1, 2007 and November 16, 2007, defendant marked approximately 65% of the products embodying the '526 patent which is purportedly not "substantially all" of the products. Defendant responds that it marked 73% of the products but, in any case, whether it complied with the requirements of § 287(a) is a question of fact for the jury. The Court agrees with defendant.

First, there is a genuine dispute as to whether defendant marked 65% or 73% of its products.

Second, the Federal Circuit Court of Appeals has explained that "compliance with the marking statute, 35 U.S.C. § 287(a), is a question of fact." Gart v. Logitech, Inc., 254 F.3d 1334, 1339 (Fed. Cir. 2001). Summary judgment is thus appropriate

only if "no reasonable factfinder could find compliance". McAfee Enters., Inc. v. Ashley Entm't Copr., No. 16-cv-2618, 2016 WL 4063169, at *6 (N.D. Ill. July 29, 2016).

Although neither 65% nor 73% is a particularly high percentage, the Court cannot determine, as a matter of law, that no reasonable jury could find that defendant marked "substantially all" of its patented products.

Plaintiff directs the Court to Universal Electronics, Inc. v. Universal Remote Control, Inc., in which the court allowed summary judgment because the patentee marked "only" 77-78% of its patented products. 34 F. Supp. 3d 1061, 1097 (citing Hazeltine Corp. v. Radio Corp. of Am., 20 F. Supp. 668, 673 (S.D.N.Y. 1937)). This Court is not convinced, however, because there the court relied upon a case that the Federal Circuit has determined is no longer good law. See Am. Med. Sys., 6 F.3d at 1534-37 (explaining that Hazeltine relied upon a predecessor to § 287(a) and thus, is no longer persuasive authority).

Accordingly, plaintiffs' motion for summary judgment, with respect to damages between June 1, 2007 and November, 16, 2007 will be denied.

## ORDER

For the foregoing reasons:

1) defendant's motion for summary judgment of no willful infringement (Docket No. 921) is **ALLOWED**;

2) plaintiffs' motion for summary judgment that defendant cannot collect damages on certain foreign sales (Docket No. 929) is **DENIED** and

3) plaintiffs' motion for summary judgment Preclude defendant from collecting damages (Docket No. 935) is, with respect to damages between June 1, 2006 and November, 16, 2006, **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 26, 2017