United States District Court
District of Massachusetts

| | |
|---|---|
| Koninklijke Philips N.V. and Philips Electronics North America Corporation, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 10-11041-NMG |
| Zoll Medical Corporation, ) ) | |
| Defendant. ) ) | |

**ORDER**

**GORTON, J.**

Trial in this patent case involving automated external defibrillators ("AEDs") and components thereof is scheduled to begin on Monday, July 24, 2017 at 9:00 A.M. On June 9, 2017 this Court allowed, by endorsement, separate motions from Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, "plaintiffs") and Zoll Medical Corporation ("defendant") to seal their respective motions in limine and supporting exhibits (Docket Nos. 1012 and 1013).

Now pending before the Court are 1) plaintiffs' assented-to motion to seal its opposition memoranda to defendant's motions in limine and supporting exhibits, 2) defendant's assented-to motion to seal its opposition memoranda to plaintiffs' motions

-1-

in limine and 3) defendant's motion to seal Exhibit 2 to its witness and exhibit list.

In this session of the District Court the sealing of pleadings during discovery is liberally tolerated. Not so as we approach trial. Pursuant to Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978), there is a presumption in favor of access to judicial records. The party seeking to seal documents must demonstrate sufficient reason to overcome that presumption. Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 71 (1st Cir. 2011).

In support of their motions to seal, the parties cite Local Rule 7.2(d) and a protective order entered by this Court on October 26, 2011. The parties have not, however, overcome the presumption of judicial access because any sensitive proprietary business and technical information will soon become public at trial.

Moreover, although the protective order can provide "good cause" to seal documents during discovery, it is not sufficient to seal filings regarding trial issues. Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) ("Parties . . . may not rely solely on their designations under a discovery protective order to support sealing motions.").

Accordingly, 1) plaintiffs' assented-to motion to seal its opposition to defendant's motions in limine and supporting exhibits (Docket No. 1015) is **DENIED**, 2) defendant's assented-to motion to seal its opposition to plaintiffs' motions in limine (Docket No. 1035) is **DENIED** and 3) defendant's motion to seal Exhibit 2 to its witness and exhibit list (Docket No. 1040) is **DENIED.**

For the reasons set forth above, the parties' motions in limine (Docket Nos. 991, 992, 993, 994, 996, 999, 1000, 1004, 1005, 1006, 1008, 1009, 1010 and 1011) and supporting exhibits (Docket Nos. 1001 and 1007) are hereby **UNSEALED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 7, 2017